13 cv 3915

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELIUS STEPHENS
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

OFFICER SACNIN FORTES MANNAN, DEPARTMENT OF PUBLIC SAFETY, CITY UNIVERSITY OF NEW YORK; LIEUTENANT ROBERT B. CURRY, DEPARTMENT OF PUBLIC SAFETY, CITY UNIVERSITY OF NEW YORK; CHIEF ANALDO BERNABE, PUBLIC SAFETY OFFICE, CITY UNIVERSITY OF NEW YORK; SPECIALIST SAUL FRAGUADA, SPECIAL OPERATIONS, DEPARTMENT OF PUBLIC SAFETY, CITY UNIVERSITY OF NEW YORK.

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

SECOND AMENDED
COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No
(check one)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2014

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  CORNELIUS STEPHENS
             ID #  KR-7909
             Current Institution  SCI RETREAT
             Address  660 STATE ROUTE 11
                      HUNLOCK CREEK, PA 18621

MAY -5 2014

PRO SE

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name  OFFICER SACNIN FORTES MANNAN    Shield # 572
                   Where Currently Employed  DEPARTMENT OF PUBLIC SAFETY, CUNY
                   Address  100 CHURCH STREET
                            NEW YORK, NEW YORK 10007

*Rev. 05/2010*                                1

Defendant No. 2   Name LIEUTENANT ROBERT B. CURRY   Shield # _____
                  Where Currently Employed DEPARTMENT OF PUBLIC SAFETY, CITY COLLEGE OF NY
                  Address 160 CONVENT AVENUE
                  NEW YORK, NEW YORK 10013

Defendant No. 3   Name CHIEF ANALDO BERNABE   Shield # _____
                  Where Currently Employed , PUBLIC SAFETY OFFICE, HOSTOS COMM. COLLEGE
                  Address 450 GRAND CONCOURSE, C-030
                  BRONX, NEW YORK 10451

Defendant No. 4   Name SPECIALIST SAUL FRAGUADA   Shield # _____
                  Where Currently Employed DEPARTMENT OF PUBLIC SAFETY, BRONX COMM. COLL.
                  Address 2155 UNIVERSITY AVENUE
                  BRONX, NEW YORK 10453

Defendant No. 5   Name _____   Shield # _____
                  Where Currently Employed _____
                  Address _____

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
40th Precinct, 257 Alexander Avenue, Bronx, NY 10454
Bronx Central Booking, 215 E 161 Street, Bronx, New York 10451

B. Where in the institution did the events giving rise to your claim(s) occur?
THE HOLDING AREAS OF EACH LOCATION, RESPECTIVELY.

C. What date and approximate time did the events giving rise to your claim(s) occur?
THE INCIDENTS OCURRED ON JANUARY 9, 2012, AT APPROXIMATELY 8:30 AM.

D.   Facts: 1. ON JANUARY 9, 2012, AT APPROXIMATELY 8:20 A.M., WHILE ON MY WAY TO MY WORK PROGRAM, AT GOODWILL INDUSTRIES, 384 EAST 149TH STREET, BRONX, NY, I WAS STOPPED AND DETAIINED BY OFFICER MANNAN FOR PUBLIC URINATION ON WALTON AVENUE AND 149TH STREET, NEAR THE REAR ENTRENCE TO HOSTOS COLLEGE ACADEMY, 500 GGRAND CONCOURSE, BRONX, NY, AFTER BEING REFUSED BY OFFICERS AT BOTH THE COLLEGE CAMPUS MAIN BUILDING AND ACADEMY BUILDING TO USE THE RESTROOMS. OFFICER MANNAN ISSUED ME A SUMMONS AND INSTRUCTED ME TO APPEAR AT THE BRONX CRIMINAL COURT, 215 EAST 161ST STREET, BRONX, NEW YORK, ON MARCH 22, 2012.

2. THEREAFTER, OFFICER MANNAN CONTINUED TO DETAIN ME WHILE HE CONDUCTED A WARRANT SEARCH. THE SEARCH REVEALED THAT I HAD AN OUSTANDING WARRANT ISSUED BY THE STATE OF PENNSYLVANIA, COURT OF COMMON PLEAS, BUCKS COUNTY, DOYLESTOWN, PENNSYLVANIA, DATED NOVEMBER 15, 2011, FOR FAILURE TO APPEAR. OFFICER MANNAN RESPOONDED BY FURTHER DETAINING ME UNTIL THE REMAINING DEFENDANTS ARRIVED. AT THIS POINT, I WAS SEARCHED, MY BAG WAS SEARCHED, I WAS PLACED IN HANDCUFFS AND ROLD I WAS UNDER ARREST, AND PLACED IN OFFICER MANNAN'S PATROL CAR.

3. OFFICER MANNAN TRANSPORTED ME TO THE 40TH PRECINCT, 257 ALEXANDER AVENUE, BRONX, NEW YORK. THE REMAINING DEFENDANTS ARRIVED SHORTLY THEREAFTER AND AGAIN SEARCH ME AND AND THIS TIME CONFISCATING MY COMPUTER BAG, WALLET AND IDENTIFICATION. THE DESK SEARGENT REFUSED TO ACCEPT CUSTODY, KNOWING OFFICER MANNAN DID NOT HAVE THE AUTHORITY AS A PEACE OFFICER TO MAKE AN ARREST PURSUANT TO AN ARREST WARRANT WITHIN THE CITY OF NEW YORK PURSUANT TO NEW YORK CRIMINAL PROCEDURE LAW SECS. 120.60(1)(2) AND 2.20(a); HOWEVER, THE DESK SEARGENT DID NOTHNG TO INTERCEDE TO PREVENT MY ILLEGAL ARREST. BECAUSE OF OFFICER MANNAN'S

III.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.   THERE WERE NO PHYSICAL INJURIES.

IV.   **Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No ✗

COMPLAINING, IT WAS SUGGESTED HE TAKE ME TO CENTRAL BOOKING PRECINCT, BRONX, NEW YORK.

4. UPON ARRINVING AT CENTRAL BOOKING, THE DESK OFFICER, SEARGENT AND LIEUTENANT INITIALLY REUSED TO ACCEPT CUSTODY, BUT DID NOTHING TO INTERCEDE AND PREVENT MY ILLEGAL ARREST AND DETENTION. TLTHOUGH NEW YORK LAW AUTHORIZES PEACE OFFICERS TO MAKE AN ARREST WITHIN THEIR GEOGRAPHICAL AREAS (NEW YORK CRMINAL PROCEDURE LAAW SEC. 2.20 (a)), SUCH AUTHORITY IS LIMITED TO WARRANTLESS ARREST. OFFICER MANNAN PERSISTENTLY COMPLAINED AND INSISTED ON SPEAKING TO ANOTHER SUPERVISOR. HE WAS TAKEN TO SPEAK TO ANOTHER SUPERVISOR, WHO I WILL CALL SUPERVISOR JOHN DOE. OFFICER MANNAN AND SUPERVISOR JOHN DOE REAPPEARED TWENTY (20) MINUTES LATER AND INFORMED ME THAT I WAS BEING FRANSFERED TO THE CUSTODY OF THE NEW YORK CITY POLICE DPARTMENT (NYPD) AND WILL BE ARRAIGNED ON THE WARRANT FROM PENNSYLVANIA.

5. SEVERAL HOURS PAST WHILETHE NYPD WAITED TO RECEIVE A PHYSICAL COPY OF THE WARRANT FROM THE STATE OF PENNSYLVANIA. NONE OF THE OFFICERS, NOR SUPERVISOR JOHN DOE TOOK ANY ACTION TO INTERCEDE IN WHAT THEY KNEW, OR SHOULD HAVE KNOW, WAS MY ILLEGAL ARREST AND DETENTION, WHICH WAS MADE IN VIOLATION OF LONG-STANDING AN D WELL ESTABLISHEDLAW, POLICY AND PROCEDURE. THEIR ACTIONS WERE NOT DUE TO NEGLIGENCE, BUT WAS A KNOWING AND INTENTIONAL ACT OF DELIBERATE INDIFFERENCE WHERE THEY INTENTIONALLY AGREED TO WIOLATE MY FOURTH AMENDMENT RIGHT.

6. AFTER INITIALLY REFUSING TO TAKE CUSTODY, OFFICER ELIZABETH GUADELUPE (SHIELD NO. 14052), A MEMBER OF THE NYPD, BEGAN PROCESSING MY ARREST. SEVERAL HOURS PAST BEFORE THE WARRANT FROM PENNSYLVANIA WAS RECEIVED, WHICH WAS NOT ACCOMPANIED BY A SUPPORTING AFFIDAVIT AS REQUIRED UNDER NEW YORK LAW. NONTHELESS, OFFICER GUADELUPE TOOK THE LIBERTY TO PREPARE A FUGITIVE AFFIDAVIT WHICH WAS LEGALLY DEFICIENT IN SUPPORT OF WARRANT.

7. I WAS ARRAIGNED AND THEREAFTER REMANDED TO THE CUSTODY OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, AT VERNON C. BAINE CENTER, BRONX, NEW YORK, AND REMAINED SO DETAINED FOR APPROXIMATELY SEVEN MONTHS.

8. THE DEFENDANT'\S' ACTIONS WERE NOT DUE TO NEGLIGENCE, BUT DEFENDANTS' ACTIONS WERE DELIBERATE AND INDIFFERENT, AND MADE WITH THE INTENTIONS TO VIOLATE MY FOURTH AMENDMENT RIGHT, THE CITY OF NEW YORK HAS A PRACTICE OR CUSTOM OF BEHAVIOR WITHIN ITS RANKS WHICH THE CITY KNEW OR SHOULD HAVE KNOW WOULD RESULT IN A VIOLATION OF MY FOURTH AMENDMENT RIGHT BECAUSE THE INCIDENT HERE IS NOT AN ISOLATED INCIDENT. THE CITY OF NEW YORK SHOULD HAVE FORESEEN THE POSSIBILITY NEGATIVE IMPACT OF ITS OFFICERS ACTIONS AND TAKEN STEPS TO PREVENT ANY VIOLATION FROM OCCURRING.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
_____
_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes ____   No ____   Do Not Know ____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes ____   No ____   Do Not Know ____

       If YES, which claim(s)? _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes ____   No ____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes ____   No ____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

       1.     Which claim(s) in this complaint did you grieve? _____
_____

       2.     What was the result, if any? _____
_____

       3.     What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
_____
_____
_____
_____

F.     If you did not file a grievance:

       1.     If there are any reasons why you did not file a grievance, state them here: _____
THE GRIEVANCE PROCESSS IS NOT APPLICABLE HERE._____
_____
_____
_____

       2.     If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any:_____

_____

_____

_____

_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

_____

_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.  **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I AM SEEKING THE FOLLOWING AWARDS AND DAMAGES: $125,00 FOR ILLEGAL ARREST AND DETENTION; $50,000 FOR DEPRIVAITON OF LIBERTY; $80,000 FOR LOSS OF WAGES; $50,000 FOR MENTAL ANGUISH; AND, $125,000 IN PUNITIVE DAMAGES.

VI.  **Previous lawsuits:**

| On these claims |

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____   No  X

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____ No X

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

*Rev. 05/2010*                                      6

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21 day of APRIL, 20 14.

                Signature of Plaintiff  _[signature]_

                Inmate Number  KR-7909

                Institution Address  SCI RETREAT

                660 STATE ROUTE 11

                HUNLOCK CREEK, PA 18621

                (717) 553-9518

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 21st day of APRIL, 20 1, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                Signature of Plaintiff:  _[signature]_